Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| ERNESTO QUIÑONES MARTÍNEZ, ELBIA ROSADO HERNÁNDEZ, LA SOCIEDAD DE BIENES GANANCIALES, COMPUESTA POR AMBOS<br><br>Demandante – Recurridos<br><br>v.<br><br>JOSÉ RODRÍGUEZ VEGA, FULANA DE TAL, LA SOCIEDAD DE BIENES GANANCIALES COMPUESTA POR AMBOS, ASEGURADORA ABC, X, Y<br><br>Demandada – Peticionario | KLCE202401246 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Caso núm.: MZ2022CV00512 (306)<br><br>Sobre: Impericia Médica |

Panel especial integrado por su presidente, el Juez Sánchez Ramos, el Juez Rodríguez Flores y la Jueza Grana Martínez.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 26 de diciembre de 2024.

El Tribunal de Primera Instancia ("TPI") no permitió un informe pericial por haberse sometido varios meses luego de concluido el descubrimiento de prueba. Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos la invitación a intervenir con lo actuado por el TPI.

En abril de 2022, el Sr. Ernesto Quiñones Martínez (el "Paciente") y la Sa. Elbia Rosado Hernández presentaron la acción de referencia (la "Demanda"), sobre daños y perjuicios, en contra del Mayagüez Medical Center (el "Hospital") y el Dr. José Rodríguez Vega (el "Médico").

---

[1] Mediante la OATA-2024-138 de 11 de diciembre de 2024 se modificó la composición del panel.

Se alegó que el Médico le realizó una "operación de corazón" al Paciente y que, durante la misma, el Paciente sufrió unas "quemaduras severas en cada una de sus piernas". El Paciente afirmó que, luego, el Médico le admitió que las "quemaduras no debieron haber ocurrido y que las mismas probablemente se debían a un error en la calibración del equipo utilizado y/o un error humano del personal a cargo de dicho equipo". Aseveró que el Médico le indicó que "no se percató de la situación durante la operación".

Surge de la Minuta de la Conferencia con Antelación a Juicio (no notificada), celebrada el 11 de septiembre de 2024, que el Médico anunció al TPI que, el 2 de septiembre de 2024, le había remitido a los demandantes un informe pericial, quienes lo objetaron por tardío. El TPI indicó que no aceptaría el informe, pues el descubrimiento de prueba había concluido casi un año antes (30 de diciembre de 2023). El TPI consignó que un "cambio de representación legal" por el Médico no justificaba la tardanza en producir el informe pericial.

El TPI luego consignó la anterior determinación en una Resolución notificada el 16 de octubre (la "Resolución").

Inconforme, el 15 de noviembre, el Médico presentó el recurso que nos ocupa. Arguyó que, al haberse señalado la conferencia con antelación a juicio para el 25 de enero de 2025, y al no haber todavía señalamiento de juicio, los demandantes tendrían oportunidad de examinar el informe en controversia y deponer al perito. Además, planteó que, antes de excluir el informe, se le debieron imponer sanciones a su abogado.

Concluimos que el Médico no ha demostrado que se justifique nuestra intervención con la Resolución. En particular, el Médico no intentó explicar la tardanza en producir un informe pericial y, más importante aún, tampoco detalló la importancia del mismo en el

contexto de las alegaciones específicas del Paciente en este caso y de su propia defensa.  Adviértase, al respecto, que lo resuelto en *Valentín v. Mun. de Añasco,* 145 DPR 887, 895 (1998), presupone que el testimonio excluido es, en efecto, "crucial".

Por los fundamentos previamente expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones