| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I | | |
| EFRAÍN ACEVEDO TORRES, EVA HILDA NEGRÓN PÉREZ<br><br>Demandante - Recurrido<br><br>v.<br><br>GLADYS RUIZ CRUZ<br><br>Demandado - Peticionaria | KLCE202500486 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Lares<br><br>Caso núm.: LR2019CV00265<br><br>Sobre: Acción Reivindicatoria, Daños |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de mayo de 2025.

El Tribunal de Primera Instancia ("TPI") no permitió a una parte demandada utilizar dos testigos por haber anunciado los mismos de forma tardía; además, anunció que, en el juicio, permitiría a la parte demandante utilizar cierto testimonio con el fin de autenticar una prueba documental, así como una transcripción de un proceso judicial para fines de impugnación, de ser necesario. Según se explica a continuación, en el ejercicio de nuestra discreción, declinamos la invitación a intervenir con lo actuado por el TPI.

I.

A través de la acción de referencia (la "Demanda"), presentada por el Sr. Efraín Acevedo Torres y la Sa. Eva Hilda Negrón Pérez (los "Demandantes") contra la Sa. Gladys Ruiz Cruz (la "Vecina"), se alegó que esta "ha alterado la colindancia que tiene con los demandantes" en el municipio de Lares. Los Demandantes solicitaron compensación por los daños sufridos como consecuencia de las "construcciones ilegales" realizadas por la Vecina.

La Vecina contestó la Demanda y reconvino; alega que los Demandantes alteraron "la colindancia" y solicita se ordene a los Demandantes remover un "pozo muro". También solicitó compensación porque los Demandantes le han dañado y quemado sus plantas y "le increpan de forma burlona y hostil".

En enero de 2025, las partes presentaron un Informe de Conferencia con Antelación a Juicio (el "Informe"). En lo pertinente, la Vecina anunció, como parte de sus testigos, al Sr. Erick Mercado, descrito como un "instrumentista que fue a medir la propiedad" (el "Ayudante"), y a la Sa. Johana González Rivera (la "Conocida"), quien indicó declararía sobre "cuando le solicitó al demandante unos bienes que tenía en su posesión y él se los entregó". Además, los Demandantes anunciaron que utilizarían como perito al Sr. Edwin Crespo Cuevas (el "Perito de los Demandantes") y la Vecina anunció que utilizaría como perito al Sr. Carlos Alfonso Chardón (el "Perito de la Vecina").

En febrero de 2025, los Demandantes, por escrito, se opusieron a la utilización como testigos del Ayudante y de la Conocida por la Vecina. Sostuvieron que no fue hasta la presentación del Informe que la Vecina anunció, por primera vez, que utilizaría a estas personas como testigos. Además, le solicitaron al TPI que se permitiera declarar a la Sa. Natividad Soto Santiago, pues ella no declarará "sobre ningún hecho distinto a autenticar el documento que juramentó y su testimonio se limitará a lo expresado en su declaración jurada", la cual sostuvieron fue oportunamente notificada a la Vecina.

Mediante una Orden notificada el 28 de febrero, el TPI determinó permitir el testimonio de la Sa. Soto y le ordenó a la Vecina acreditar "cuándo notificó la utilización" del Ayudante y de la Conocida.

Ese mismo día, la Vecina compareció. Arguyó que la utilización del Ayudante como testigo no era "sorpresiva" porque, en su deposición, "ella discute la interacción que tuvo" con él, cuando este era el "instrumentista del primer perito de la parte demandante". Sostuvo que el Ayudante "fue crucial en los hechos" porque "fue el que originalmente midió". En cuanto a la Conocida, la Vecina arguyó que surgía del descubrimiento de prueba que el Sr. Acevedo (demandante) "había retenido un accesorio de un vehículo de motor que le pertenecía a la Vecina", y que la Conocida podía "corroborar dicho hecho".

La Vecina también objetó que los Demandantes pudiesen utilizar en el juicio "la transcripción de la vista de la ley 140", pues ello constituiría "nueva prueba que nunca se había anunciado". En cuanto a la Sa. Soto, arguyó que ella "nunca estuvo disponible para poder efectuar un descubrimiento de prueba hacia ella", que los Demandantes solo habían anunciado la declaración jurada, y que "son pruebas distintas".

El 14 de abril, el TPI notificó una Resolución (la "Resolución") mediante la cual se reafirmó en que los Demandantes podrían utilizar como testigo a la Sa. Soto, pues las partes "estipularon" su declaración jurada y era "necesario escuchar que esta la autentique en corte abierta".

Asimismo, el TPI denegó la utilización del Ayudante y la Conocida como testigos de la Vecina, pues esta no los anunció como testigos sino hasta la presentación del Informe.

El TPI también consignó que permitiría la utilización de la "transcripción de lo ocurrido en la vista de ley 140 … a los fines de que la parte demandante pueda impugnar a la parte demandada en su turno de contrainterrogatorio de entenderlo necesario".

Inconforme, el 5 de mayo, la Vecina presentó el recurso que nos ocupa[1]. Reproduce su planteamiento en cuanto a la utilización como testigos del Ayudante y la Conocida; objeta que se permita el testimonio de la Sa. Soto así como la transcripción de "la vista sobre la Ley 140". Disponemos.

II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 52.1, reglamenta en qué circunstancias este Tribunal podrá expedir un auto de *certiorari*; al respecto, dispone, en lo pertinente (énfasis suplido):

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en

---

[1] Junto con el recurso, se presentó una moción en auxilio de jurisdicción dirigida a la paralización del juicio señalado para los días 6 y 13 de mayo; mediante una Resolución emitida ese mismo día se denegó la referida moción.

casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. …

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40 ("Regla 40"), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación, o desestimación, de una petición de expedición del auto de *certiorari* **no impide a la parte afectada reproducir su planteamiento en apelación**. *Torres Martínez, supra.*

### III.

Concluimos que no está presente circunstancia alguna que, en esta etapa, justifique nuestra intervención con lo actuado por el TPI.

Adviértase que los tribunales apelativos no intervenimos con el manejo de los casos ante el TPI "salvo que se demuestre que hubo

un craso abuso de discreción o que el tribunal actuó con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992); *ELA v. Asoc. De Auditores*, 147 DPR 669 (1999); *Meléndez v. Caribbean Intl. News*, 151 DPR 649 (2000). Resaltamos que nuestra función, en este contexto, no es sustituir nuestro criterio por el del TPI, sino determinar si estamos ante circunstancias extraordinarias que requieran apartarnos de la regla general que nos requiere brindar deferencia al manejo de caso por el TPI.

En cuanto a la pretendida utilización por la Vecina de dos personas como testigos, dado que no hay controversia sobre el hecho de que esta no anunció hasta la presentación del Informe que interesaba usarlos como testigos, el TPI actuó razonablemente al prohibir su utilización. Es decir, el TPI válidamente podía concluir que dicha notificación no fue oportuna, pues ocurrió luego de concluido el descubrimiento de prueba. El que los nombres de estas personas se mencionaran en el descubrimiento de prueba de forma alguna sustituye la notificación oportuna que debe hacer una parte a otra sobre los testigos que se propone utilizar en juicio.

Además, la Vecina no intentó explicar la tardanza en notificar su intención de utilizar a estas personas como testigos y, más importante aún, tampoco detalló la importancia de que lo que declararían en el contexto de las alegaciones y defensas específicas de las partes. Adviértase, al respecto, que lo resuelto en *Valentín v. Municipio de Añasco,* 145 DPR 887, 895 (1998), presupone que el testimonio excluido es, en efecto, "crucial".

Tampoco cometió error de derecho, o abusó de discreción, el TPI al determinar que la Sa. Soto podría autenticar una declaración jurada que le fue notificada oportunamente a la Vecina, ni al

adelantar que los Demandantes podrían impugnar el testimonio de la Vecina con la transcripción de lo declarado por esta en otro procedimiento judicial.

En fin, en el ejercicio de nuestra discreción, guiada por los factores enumerados en la Regla 40, *supra*, hemos determinado que no procede nuestra intervención en esta etapa del caso.

IV.

Por los fundamentos previamente expuestos, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones