ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| LUIS EMILIO RAIMUNDI RODRÍGUEZ Y OTROS<br><br>Apelados<br><br>v.<br><br>MARCELINO SOSTRE OTERO Y OTROS<br><br>Apelantes | TA2025AP00606 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Vega Baja<br><br>Caso Núm.: VB2018CV00004<br><br>Sobre: Colindancias entre Vecinos |

Panel integrado por su presidenta la Juez Brignoni Mártir, el Juez Ronda Del Toro y la Juez Cintrón Cintrón[1]

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 27 de enero de 2026.

Marcelino Sostre Otero (parte apelante o Marcelino Sostre) nos solicita que revisemos la Sentencia y Orden que emitió el Tribunal de Primera Instancia, Sala de Vega Baja, el 17 de octubre de 2025.  Mediante esta el foro primario declaró ***Ha Lugar*** la demanda de corrección de colindancias que interpuso Luis Emilio Raimundi Rodríguez y su esposa Nydia Rodríguez Pérez contra el aquí apelante.

Evaluado el recurso, disponemos, *revocar* la Sentencia apelada.  A continuación, exponemos los hechos procesales de mayor relevancia.

## I.

El 24 de abril de 2018, el señor Luis Emilio Raimundi Rodríguez y su esposa Nydia Rodríguez Pérez presentaron una

---

[1] Conforme a la Orden Administrativa OATA-2025-231 la Hon. Sol de B. Cintrón Cintrón, sustituyó a el Hon. Félix R. Figueroa Cabán.

demanda de corrección de colindancias contra Marcelino Sostre Otero. Alegaron ser dueños de la Parcela 3, del Barrio Algarrobo, Sector Sostre, Vega Baja, Puerto Rico 00693, la cual colindaba por el lado sur con los terrenos de los demandados. Indicaron que el terreno de los demandantes era de forma irregular al igual que el de los demandados y que en su origen ambos solares correspondían a la Sucesión de Eugenio Sostre. Alegaron que todos los terrenos de la sucesión fueron segregados por el ingeniero Jorge Rodríguez Montijo y todos los puntos delineados conforme a un plano, el cual fue sometido al registro de la propiedad. Mencionaron que los colindantes y demandados construyeron una estructura que utilizan como marquesina en el terreno de los demandantes. Solicitaron que se dicte sentencia estableciendo los lindes de los demandantes y que el tribunal ordene la demolición de la estructura construida en terreno ajeno.

El 30 de julio de 2018[2], el señor Marcelino Sostre contestó la demanda y levantó las defensas afirmativas. Entre ellas, expuso que la demanda dejaba de exponer una reclamación que justificara la concesión de un remedio; que el remedio solicitado era extremo y su proposición carece de razonabilidad; que no se habían agotado todos los recursos meritorios y que la demanda tal y como redactada era una frívola.

Luego de otros trámites procesales, el 30 de enero de 2023 el demandante presentó una *Moción de Sentencia Sumaria[3]*. A grandes rasgos, indicó que el documento privado otorgado ante Notario Público en el año 1970, mediante el cual Marcelino Sostre Otero le compró una porción de terreno a su hermana Inés Sostre

---

[2] Apéndice del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones, (SUMAC TA), apéndice entrada 9.
[3] SUMAC TA, apéndice entrada 85.

Otero, no surtiría efectos contra terceros. Ello, porque no se transmitió válidamente la titularidad a Don Marcelino Sostre. Así pues, solicitó que se estableciera que las colindancias correctas son las que surgen del Registro de la Propiedad establecidas por el plano de origen. Además, que se le ordenara a la parte demandada a demoler la plataforma de cemento o en su defecto permita levantar una verja por la colindancia del demandado.

El 27 de febrero de 2023[4], Sostre Otero presentó una *Contestación a Moción Solicitando Sentencia Sumaria.* Planteó, en síntesis, que el documento de Contrato de Compraventa, que realizó con su hermana Iris Sostre Ortega el 21 de enero de 1970, permite por ley al titular la posesión de un predio de terreno para poder ejercer la prescripción extintiva en contra de aquellos que le retan su posesión en calidad de dueño. Expresó que ha poseído el predio en controversia, de forma continua, quieta, publica, pacifica, interrumpida y en carácter de dueño, por más de 60 años.

Trabada la controversia, el 26 de mayo de 2023, el foro primario emitió y notificó una *Resolución*[5] para declarar *No Ha Lugar* la Moción de Sentencia Sumaria que presentó la parte demandante. En esta, adjudicó ciertos hechos como incontrovertidos y otros sobre los cuales adujo que existían controversias que impedían que se resolviera la acción por la vía sumaria.

Luego de otros asuntos procesales, el 3 de marzo de 2024[6], las partes suscribieron un *Informe Enmendado de Conferencia con Antelación a Juicio*. Este también fue enmendado el 17 de enero

---

[4] SUMAC TA, apéndice entrada 89.
[5] SUMAC TPI, apéndice entrada 91.
[6] SUMAC TA, apéndice entrada 102.

de 2025[7].     Las partes plantearon sus teorías, la prueba, los testigos y peritos.   El demandante alegó que era un tercero registral.     El demandado, por su lado, aludió a la defensa de prescripción (usucapión), por haber poseído la franja de terreno que colinda en la propiedad de los demandantes, por más de cincuenta años en calidad de dueño.   Como perito, nombró al Agrimensor Erick Martínez.

El 24 de enero de 2025, se celebró una vista de Conferencia con Antelación al Juicio. Surge de la *Minuta Resolución*[8], que el Tribunal señaló el Juicio para el **22 de agosto de 2025**, a las 9:00 de la mañana y la Continuación para el **29 de agosto de 2025**, a las 10:00 de la mañana.  Posteriormente, el 20 de mayo de 2025, las partes sometieron otro informe enmendado y el tribunal lo aceptó.[9]

Luego de otras vistas e incidencias procesales, el 20 de agosto de 2025, el demandado interpuso una *Moción Informativa sobre Citaciones Diligenciadas*[10].  Allí informó que se diligenció las citaciones de los testigos de la parte demandada: Sra. Naomi Sostre, Sra. Eva L. Sostre Rodríguez, Sra. Ada L. Quiñones Sostre, Sr. Ismael Álvarez y el Sr. Eusebio Álvarez Cruz.  Ese mismo día, 20 de agosto de 2025, el demandado presentó una Moción Solicitando Remedio Urgente.[11]  A grandes rasgos, expresó que, entre sus testigos se encontraba el Agrimensor Eric Martínez Arbona, a quien no pudo conseguir.  Agregó que, "hasta el día de hoy, en que se recibió llamada de éste indicando que lo habían tratado de localizar, pero no estaba disponible. Que éste nos informó que salía para la República Dominicana, en unión a otros

---

[7] SUMAC TA, apéndice entrada 124.
[8] SUMAC TA, apéndice entrada 125.
[9] SUMAC TA, apéndice entradas 157 y 158.
[10] SUMAC TA, apéndice entrada 181.
[11] SUMAC TA, apéndice entrada 183.

profesionales de su rama y no regresa a la Isla de Puerto Rico hasta el día 24 de agosto del 2025, y estará disponible para declarar para la Vista del 29 de agosto del 2025, a las 9:00 am. (Véase anejo)". Le solicitó al Tribunal que le permitiese presentar ese testigo para el 29 de agosto del 2025, por ser un testigo esencial. Incluyó en el apéndice las hojas de abordaje de avión.

Mediante Orden emitida el 21 de agosto de 2025[12], el foro primario declaró *No Ha Lugar* el petitorio y agregó lo siguiente:

> Ambas partes tienen conocimiento del señalamiento de juicio desde el 24 de febrero de 2025. Por lo cual, debieron realizar con tiempo las gestiones para citar a su prueba para el juicio. No es conforme a derecho juramentar unos testigos y otros no al comienzo del juicio. Es de amplio conocimiento que todos los testigos tienen que permanecer bajo las reglas tribunal.

Ese mismo día, el demandado solicitó reconsideración y el 22 de agosto de 2025, el foro primario la denegó. Expresó el TPI que, "la reconsideración no cumple con los requisitos de ley. No se acreditó evidencia del diligenciamiento de la citación al agrimensor Eric Martínez Arbona o declaración jurada del emplazador de todas las gestiones infructuosas para localizar y citar al agrimensor para el juicio."

Así las cosas, ese mismo día se celebró el juicio en su fondo. Cada parte presentó sus respectivos testigos. Sin embargo, al inicio y al final de la vista, el abogado del señor Marcelino Sostre le solicitó al foro primario que reconsiderara su solicitud para presentar al perito Agrimensor Eric Martínez Arbona. El foro primario denegó esta solicitud.[13]

---

[12] SUMAC TA, apéndice entrada 184.

[13] Transcripción de la prueba oral de la vista del 22 de agosto de 2025, págs. 6 a la 9 y 126; SUMAC TA, Minuta, apéndice entrada 187; SUMAC TA, Sentencia, apéndice entrada 188, página 5.

Finalmente, el 17 de octubre de 2025[14], el tribunal de instancia emitió la *Sentencia y Orden* mediante la cual declaró Ha Lugar la Demanda que interpuso Raimundi Rodríguez y su esposa Nydia Rodríguez Pérez contra el señor Marcelino Sostre. En consecuencia, le ordenó al demandado, el Sr. Marcelino Sostre que, "permita al Ingeniero Civil Héctor M. Tirado Rodríguez marcar todos los Puntos de la Colindancia de la 10,925Bis o Parcela núm. 3 que se encuentran en lo que el demandado pensaba que era parte de su propiedad". Para ello, le concedió sesenta (60) días al demandado, señor Marcelino Sostre, para remover la verja y demoler en su totalidad el garaje. Indicó que, de lo contrario los demandantes podrán, previa autorización judicial realizar una cotización del costo para remover la verja y demoler la cochera y presentarla al Tribunal para que se le imponga al demandado, el Sr. Marcelino Sostre el pago de dicha cotización.

Insatisfecho, el 27 de octubre de 2025, el señor Sostre Otero solicitó reconsideración[15] y al día siguiente, el tribunal de instancia la denegó[16].

Aun en desacuerdo, el señor Sostre Otero acudió ante esta curia y planteó los siguientes señalamientos de error:

PRIMERO: Actuó errónea y arbitrariamente el TPI, al resolver eliminar el testimonio del perito anunciado por la parte apelante sin considerar el efecto detrimental de dicha eliminación en la evaluación y apreciación del testimonio del perito de la parte apelada-demandante y en el análisis de la prueba documental de ambas partes durante el juicio, colocando en estado de indefensión a la parte apelante-demandante en el caso de autos.

SEGUNDO: Erró el TPI, en la admisión de prueba documental inadmisible de la parte apelada-demandante, ante la no presentación del testimonio del testigo del Registro de la Propiedad, anunciado por la parte apelada-demandante para testificar y traer unos planos originales altamente relevantes para

---

[14] SUMAC TA, apéndice entrada 188.
[15] SUMAC TA, apéndice entrada 193.
[16] SUMAC TA, apéndice entrada 194.

determinar la controversia esencial sobre la titularidad del terreno en controversia y si la estructura fue construida legítimamente, los cuales al ser fotocopiados no resultaban legibles. Cuando existían otros remedios procesales, sugeridos, inclusive por el propio perito de la parte apelada-demandante.

TERCERO: Erró el TPI en la apreciación de la prueba testifical y pericial por lo que no procedía declarar HA LUGAR, la demanda y ordenar la demolición de la estructura construida en la colindancia del terreno en controversia.

CUARTO: Erró en derecho el TPI, al no resolver que al apelante demandado Don Marcelino Sostre Otero, en el caso de epígrafe le es aplicable la defensa de usucapión, por lo que, no procedía declarar HA LUGAR, la demanda.

El 2 de diciembre de 2025, el apelante presentó una Moción en Cumplimiento de Orden Sometiendo Transcripción de Juicio. Por otro lado, el 8 de diciembre de 2025, la parte apelada presentó su posición al recurso.   Con el beneficio de los escritos de ambas partes, el expediente del Sistema Unificado de Manejo y Administración de Casos (SUMAC) en apelación y la transcripción de la prueba oral, evaluamos.

## II.

## A.

La Constitución de Puerto Rico como la Constitución de Estados Unidos disponen de manera categórica que "ninguna persona podrá ser privada de su libertad o propiedad sin el debido proceso de ley". Artículo II, Sección 7, Const. ELA [Const. PR], LPRA, Tomo 1; Emdas. V y XIV, Const. EE. UU., LPRA, Tomo 1. De manera abarcadora, el debido proceso de ley se refiere al "derecho de toda persona a tener un proceso justo y con todas las debidas garantías que ofrece la ley, tanto en el ámbito judicial como en el administrativo". Aut. Puertos v. HEO, 186 DPR 417, 428 (2012), citando a Marrero Caratini v. Rodríguez Rodríguez, 138 DPR 215, 220 (1995).   Este derecho fundamental

se manifiesta en dos dimensiones: la sustantiva y la procesal. Aut. Puertos v. HEO, *supra*; Domínguez Castro et al. v. E.L.A. I, 178 DPR 1, 35 (2010). Para propósitos de nuestro análisis, únicamente es relevante el debido proceso de ley en su vertiente procesal, el cual requiere que, de verse afectado algún derecho de propiedad o libertad de un ciudadano, este tendrá acceso a un proceso que se adherirá a los principios de justicia e imparcialidad. Aut. Puertos v. HEO, *supra*; Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 DPR 881, 887-888 (1993). En su sustrato, este derecho garantiza que los ciudadanos no perderán su libertad o su propiedad sin la oportunidad básica de ser oído. Aut. Puertos v. HEO, *supra*. Para garantizar las exigencias mínimas del debido proceso de ley todo procedimiento adversativo debe satisfacer lo siguiente: 1) notificación adecuada del proceso; 2) proceso ante un juez imparcial; 3) oportunidad de ser oído; 4) derecho a contrainterrogar testigos y examinar la evidencia presentada en su contra; 5) asistencia de abogado; y 6) que la decisión se base en la evidencia presentada y admitida en el juicio. Hernández v. Secretario, 164 DPR 390, 395-396 (2005); Rivera Rodríguez & Co. v. Lee Stowell, etc., 133 DPR 881, 888–889 (1993).

**B.**

Un perito es una persona que, a través de la educación o experiencia, ha desarrollado un conocimiento o destreza sobre una materia de manera que puede formar una opinión que sirva de ayuda al juzgador. Rivera et al. v. Arcos Dorados et al., 212 DPR 194, 207 (2023); SLG Font Bardón v. Mini-Warehouse, 179 DPR 322, 338 (2010), traduciendo a Black´s Law Dictionary, 8th ed., Minn., Thomson West, 2004, pág. 619. Véase, además, la Regla 703 de las Reglas de Evidencia, 32 LPRA Ap. VI. Así pues, al perito se le reconoce como, "la persona entendida, el individuo

competente, idóneo, por tener unas determinadas aptitudes y conocimientos, por poseer una adecuada capacidad". SLG Font Bardón v. Mini-Warehouse, *supra*; San Lorenzo Trad., Inc. v. Hernández, 114 DPR 704, 709 (1983). En ese sentido, como cualquier otro testigo, la función del perito es dar a conocer la verdad, derivada de su conocimiento especializado. Rivera et al. v. Arcos Dorados et al., *supra*, San Lorenzo Trad., Inc. v. Hernández, *supra*, págs. 709-710. Cónsono con lo anterior, el Tribunal Supremo ha reiterado que "el derecho a presentar prueba en apoyo de una reclamación **constituye uno de los ejes centrales del debido proceso de ley**." (Énfasis nuestro) Rivera et al. v. Arcos Dorados et al., *supra*; Valentín v. Mun. de Añasco, 145 DPR 887, 895 (1998).

### C.

La Regla 37.3 de Procedimiento Civil, 32 LPRA Ap. V, provee para que el tribunal emita una orden sobre la calendarización del caso que recoja las disposiciones y acuerdos considerados en la conferencia inicial. Rivera et al. v. Arcos Dorados et al., *supra*, pág. 204. Al mismo tiempo, la regla dispone que "[l]os términos y los señalamientos fijados en la orden de calendarización serán de estricto cumplimiento, sujeto a la sanción establecida en la Regla 37.7 de este apéndice". Regla 37.3(c) de Procedimiento Civil, *supra*.

Así pues, en aras de evitar dilaciones innecesarias en el manejo de un caso, la Regla 37.7 de Procedimiento Civil, *supra*, provee para la imposición de sanciones económicas por el incumplimiento injustificado con las órdenes y los señalamientos del tribunal. Rivera et al. v. Arcos Dorado et al., *supra,* pág. 214. Así pues, la Regla 37.7 de Procedimiento Civil, 32 LPRA Ap. V, dispone que "[s]i una parte o su abogado o abogada incumple con los términos

y señalamientos de esta regla, o incumple cualquier orden del tribunal para el manejo del caso sin que medie justa causa, el tribunal impondrá a la parte o su abogado o abogada la sanción económica que corresponda". Íd.

De acuerdo con este lenguaje, "[e]l juez sólo tiene discreción para considerar si las razones que brinda la parte o el abogado que incumplió son suficientes para justificar la no imposición de la sanción económica". <u>Rivera et al. v. Arcos Dorados et al.</u>, *supra*, pág. 205, citando a Hernández Colón, Práctica jurídica de Puerto Rico: Derecho Procesal Civil, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 387. Claro está, nada impide que posteriormente se impongan sanciones más drásticas, luego de que se aperciba a la parte sobre las consecuencias del incumplimiento y se conceda un tiempo razonable para corregir la situación. <u>Rivera et al. v. Arcos Dorados et al.</u>, *supra*; Véase J.A. Cuevas Segarra, Tratado de derecho procesal civil, 2da ed., Estados Unidos, Publicaciones JTS, 2011, Tomo III, págs. 1118-1119.

Asimismo, la Regla 44.2 de Procedimiento Civil, *supra*, provee para la imposición de costas y sanciones económicas a las partes, "en todo caso y en cualquier etapa, a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia." Íd.

En cuanto a excluir el testimonio de un perito, como sanción por el incumplimiento con alguna orden, el foro supremo indicó que, "la medida severa de excluir del juicio el testimonio de un testigo crucial o de un perito esencial, **que es análoga a la medida extrema de la desestimación**, sólo debe usarse en circunstancias excepcionales [...]". <u>Rivera et al. v. Arcos Dorados et al.</u>, *supra*; citando a <u>Valentín v. Mun. de Añasco</u>, 145 DPR 887,

895 (1998). (Énfasis nuestro). El Tribunal Supremo recientemente reiteró que tales sanciones drásticas no son favorecidas judicialmente. Íd. Con este juicioso proceder, promovemos los valores superiores de la búsqueda de la verdad y la justicia en los procesos adjudicativos. Rivera et al. v. Arcos Dorados et al., *supra*; Valentín v. Mun. de Añasco, *supra*, pág. 897.

Por último, como foro apelativo intermedio no interferimos con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. Rivera et al. v. Arcos Dorados et al., *supra*, pág. 210 (otras citas omitidas). Además, se requiere que nuestra intervención en esta etapa evite un perjuicio sustancial. Íd. El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de razonabilidad. Íd.

En vista de la normativa jurídica expuesta, procedemos con el análisis de la controversia.

### III.

En el primer señalamiento de error el apelante alegó que el tribunal de instancia incurrió en error de derecho, al no permitirle presentar a su perito, el agrimensor Eric Martínez Arbona. Indicó que este declararía sobre la mesura efectuada y sobre el predio en controversia. Alegó que el juicio estaba pautado para los días 22 y 29 de agosto de 2025. Sostuvo que el perito no estuvo disponible para el 22 de agosto, por estar fuera de Puerto Rico, pero podía declarar el 29 de agosto de 2025, que era la fecha pautada para la continuación del juicio.

El apelado alegó que el perito estuvo presente en el tribunal en varias ocasiones, que se le había informado la fecha del juicio con anticipación y asumió otros compromisos. Indicó que el juicio duró menos de tres horas y no se podía poner en pausa porque la petición iba en contra de la economía procesal. Mencionó que el perito tenía la obligación de estar disponible los dos días. Revisamos.

En abril de 2018 el señor Raimundi Rodríguez y su esposa interpusieron una demanda sobre corrección de colindancias contra el señor Marcelino Sostre. Como parte del trámite del caso, las partes rindieron el *Informe de Conferencia con Antelación a Juicio con enmiendas*. En estos, el señor Marcelino Sostre identificó al agrimensor Erick Martínez Arbona como su perito

Por otro lado, en la Conferencia con Antelación al Juicio, celebrada el 24 de enero de 2025, el Tribunal señaló el juicio para los días 22 y 29 de agosto de 2025. El 20 de agosto de 2025, el señor Marcelino Sostre le notificó al tribunal de instancia que su perito no estaba disponible para la vista del 22 de agosto, por estar fuera de la Isla, y acompañó copia del abordaje del avión. No obstante, indicó que su perito sí estaría disponible para el 29 de agosto. Mediante orden emitida el 21 de agosto de 2025, el foro primario denegó la petición del señor Marcelino Sostre.

El 22 de agosto de 2025, el primer día señalado para el juicio, el abogado del demandado, nuevamente le solicitó al tribunal que le permitiera la presentación del perito Agrimensor Eric Martínez para el próximo día señalado para el juicio. Sin embargo, el foro primario se mantuvo en su decisión inicial de no permitirle al demandado la presentación de su perito.

Al aplicar el derecho aquí reseñado a los hechos que informa esta causa, a nuestro juicio la decisión del tribunal primario de no permitirle al demandado a presentar a su testigo perito para el próximo día señalado para la vista equivale a una sanción extrema. El foro primario pautó dos días para la vista: el 22 de agosto de 2025 y el 29 de agosto de 2025, esto es, una diferencia de siete (7) días entre ambas fechas. Así que, aun cuando el perito del demandado no estuvo disponible para el primer señalamiento, por estar fuera de la jurisdicción de Puerto Rico, y así acreditarlo, si estaba disponible para el siguiente día separado para el juicio, el 29 de agosto de 2025.

En estas circunstancias, el foro primario tenía la discreción de aplicar las medidas correctivas y sanciones económicas, a tenor con las Reglas 37.7 y 44.2 de Procedimiento Civil, *supra*. Es decir, las reglas de procedimiento civil dictan la forma y manera en que el foro primario debe atender las situaciones cuando una parte no cumple con las fechas previamente pautadas. En lugar de seguir el proceso progresivo de sanciones, el foro revisado aplicó la sanción más drástica y onerosa, que consistió en no permitirle al demandado la presentación del perito previamente anunciado. Esta sanción fue contraria a derecho, pues le privó de su derecho a presentar prueba y a defenderse de la acción incoada en su contra. Esta exclusión solo procedería ante circunstancias excepcionales, totalmente ausentes aquí. Más aun, cuando el mismo foro primario había pautado la fecha del 29 de agosto para la continuación del juicio y, el demandado le informó que para esa fecha el perito sí estaría disponible. Por consiguiente, el foro de instancia, al no permitir que perito testificara el próximo día pautado para la vista, apenas siete (7) días después, abusó de su discreción. Con ello, transgredió el debido proceso de ley que le

asistía al demandado. Este error es de tal magnitud, que invalida la Sentencia dictada. Con lo aquí resuelto, disponemos de la totalidad del recurso, sin que sea necesario adentrarnos en los siguientes señalamientos de error.

## IV.

A la luz de los fundamentos antes expresados, se ***revoca*** la Sentencia apelada y se devuelve el caso al foro de instancia para la continuación de los procedimientos de conformidad con lo aquí expresado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. La Juez Brignoni Mártir disiente con la siguiente expresión:

"Nuestra función como tribunal revisor no es sustituir nuestro criterio por el del juez de instancia. Nos corresponde determinar si nos encontramos ante circunstancias excepcionales que requieran que nos apartemos de la regla general de brindar deferencia a las determinaciones discrecionales en el manejo del caso.

Luego de analizar objetivamente las incidencias procesales en este caso, considero que la determinación recurrida no es contraria a derecho ni representa un abuso de discreción judicial. A tenor con lo anterior, respetuosamente disiento".

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones