| | | |
|---|---|---|
| SUNWEST MORTGAGE COMPANY, INC.<br><br>Parte Recurrida<br><br>v.<br><br>MIGUEL M. MATOS FLORES<br><br>Parte Peticionaria | KLCE202500432 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil núm.: D AC2017-0293 (401)<br><br>Sobre: DAÑOS; INCUMPLIMIENTO CONTRATO LABORAL; REPRESALIAS EN EMPLEO |

Panel integrado por su presidente, el Juez Rivera Colón[1] la Juez Grana Martínez y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente

## SENTENCIA

En San Juan, Puerto Rico, a 27 de mayo de 2025.

Comparece el Sr. Miguel Matos Flores (en adelante, Sr. Matos Flores) y solicita que revoquemos la *Orden* emitida el 21 de enero de 2025, y notificada el 31 de enero de 2025, por el Tribunal de Primera Instancia (en adelante TPI), Sala Superior de Bayamón. Mediante dicha determinación, el foro primario eliminó la prueba pericial del Sr. Matos Flores.

Examinado el recurso, la oposición y a tenor con la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, y los criterios (A), (E) y (G) de la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, expedimos el auto de *certiorari* y revocamos la orden recurrida.

## I.

El 19 de abril de 2017, Sun West Mortgage Company, Inc. (en adelante Sun West) incoó la demanda de epígrafe contra el Sr. Matos

---

[1] OATA-2025-068.

Flores. El 13 de julio de 2017, el demandado presentó su contestación a demanda y una reconvención sobre represalias y daños.

Luego de varias incidencias procesales, que incluyeron la presentación de tres recursos ante nos[2], el trámite significativo para el asunto traído ante nuestra consideración ocurrió el 14 de mayo de 2024, fecha en que el TPI celebró una vista sobre el estado de los procedimientos. De la minuta que recoge los incidentes de la vista se desprende que, luego de escuchar las argumentaciones de las partes en cuanto al descubrimiento de prueba, el TPI concedió término a Sun West para producir cierta prueba y concedió al perito del Sr. Matos Flores un término a vencer el 17 de junio de 2024 para que, a la luz de la prueba descubierta, enmendara su informe del 19 de marzo de 2024 y presentara su informe pericial final. También le permitió a Sun West designar su propio perito y producir su propio informe, luego que el perito del Sr. Matos Flores presentara su informe final. Por último, y luego de presentados los informes periciales de ambas partes, éstas tendrían la oportunidad de tomar las deposiciones a sus respectivos peritos.

Sun West proveyó al Sr. Matos Flores la información requerida, pero este último no produjo un informe pericial final. Por entender que ello obstaculizó el descubrimiento de prueba pericial, el 6 de diciembre de 2024, Sun West presentó una moción en la que solicitó que se excluyera al perito del Sr. Matos Flores.[3] El 2 de enero de 2025, presentó otra moción en la que solicitó que se diera por sometida su solicitud de exclusión de perito, sin oposición.[4]

El 21 de enero de 2025, notificada el 31 de enero de 2025, el TPI emitió una orden mediante la cual atendió varios asuntos

---

[2] Véase, recursos KLCE201900963, KLCE201901358 y KLAN202200820.
[3] *Moción reiterando solicitud de inferencia adversa y de eliminación de perito.* Apéndice del recurso, págs. 107-110.
[4] *Moción de prórroga para presentar Moción de Sentencia Sumaria. Íd.,* págs. 111-112.

interlocutorios. En cuanto a la solicitud de Sun West, el TPI resolvió excluir el perito del Sr. Matos Flores.[5]

El 18 de febrero de 2025, el Sr. Matos Flores presentó una *Moción de reconsideración sobre eliminación de perito.*[6] Arguyó que la información sometida por Sun West no reveló información adicional que requiriera un cambio al informe pericial del 19 de marzo de 2024, por lo cual solicitó que dicho informe fuera aceptado como el informe pericial final de la parte demandada. También indicó que Sun West no había descubierto prueba pericial alguna desde que recibió el informe el 19 de marzo de 2024, y tampoco había realizado gestión alguna para deponer al perito del demandado. Finalmente, el Sr. Matos Flores expuso que la exclusión de su perito era una sanción extrema análoga a la eliminación de sus alegaciones, que solamente debía aplicarse luego de procurar sanciones menos severas. Por lo anterior, solicitó al tribunal que reconsiderara su decisión en lo que a la exclusión de su perito respecta.

El 28 de marzo de 2025, el TPI notificó la orden mediante la cual declaró no ha lugar la moción de reconsideración y expresamente consignó que "[n]o se permite perito".[7]

Inconforme, el 22 de abril de 2025, el Sr. Matos Flores instó el presente recurso y apuntó los siguientes señalamientos de error:

> Abusó de su discreción el Tribunal de Primera Instancia al prohibirle a la parte demandada el uso de su perito, a pesar de que su informe había sido producido a la parte demandante desde el mes de marzo de 2024.
>
> Erró el Tribunal de Primera Instancia al eliminar al perito de la parte demandada como sanción extrema en primera instancia, sin que exista en el récord una advertencia, un apercibimiento explícito, una sanción previa o notificación alguna a la parte de que el incumplimiento con alguna Orden sería motivo para el drástico acto de descartar la prueba pericial de la parte recurrente.

---

[5] *Orden. Íd.,* págs. 113-114.
[6] *Íd.,* págs. 115-119.
[7] *Íd.,* pág. 121.

Erró el Tribunal de Primera Instancia al eliminar al perito de la parte demandada por un posible incumplimiento con lo ordenado en la vista del 14 de mayo de 2024, ya que la negativa de revisar un informe previo, que le fuera notificado a la parte demandante, no debe ser motivo para eliminar al perito. Dicha prohibición total de la prueba pericial constituyó un abuso de discreción.

## II.

La Regla 37.7 de las de Procedimiento Civil contempla que se le impongan sanciones a la parte que incumple con una orden del tribunal sin justa causa. 32 LPRA Ap. V, R. 37.7. Asimismo, la Regla 44.2 de las de Procedimiento Civil permite la imposición de sanciones económicas por conducta constitutiva de demora, inacción, abandono o falta de diligencia, en perjuicio de la eficiente administración de la justicia. 32 LPRA Ap. V, R. 44.2.

En cuanto a la sanción de excluir un testigo importante, esta solo debe utilizarse en circunstancias excepcionales, cuando la conducta de la parte ha sido contumaz o de mala fe. *Valentín v. Mun. de Añasco*, 145 DPR 887, 895 (1998). Al respecto, la norma es que:

> Debe tenerse en cuenta, además, que la medida severa de excluir del juicio el testimonio de un testigo crucial, que es análoga a la medida extrema de la desestimación, sólo debe usarse en circunstancias excepcionales, en casos en los cuales la conducta de la parte sancionada ha sido contumaz o de mala fe[.] *Íd.,* pág. 895.

La sanción de eliminar este tipo de testimonio es una medida tan severa que no es favorecida por nuestro ordenamiento jurídico y solo se debe imponer cuando la conducta de la parte ha sido intencional. *Íd.,* pág. 895.

La política pública y judicial imperante favorece la dilucidación de los casos en sus méritos. *Íd.,* pág. 897. Esta política "no se cumple cuando a una parte se le priva de traer al juicio un testigo esencial, sin que haya razones de peso para tal privación imputables a dicha parte." *Íd.*

El derecho a presentar prueba que sustente una reclamación es parte importante del debido proceso de ley al cual tiene derecho quien es parte de todo proceso adversativo. *Natal Albelo v. Romero Lugo,* 206 DPR 465, 509 (2021); *Román Ortiz v. OGPe,* 203 DPR 947, 954 (2020); *Rivera Rodríguez & Co. v. Lee Stowell, etc.,* 133 DPR 881, 889 (1993).

### III.

El tracto procesal del caso demuestra que, desde el 14 de mayo de 2024, el TPI permitió el perito del Sr. Matos Flores y el informe que este suscribió el 19 de marzo de 2024. El recuento procesal no revela incumplimiento de parte del Sr. Matos Flores, mucho menos uno que ameritara la severa sanción impuesta por el TPI. En su solicitud de reconsideración, el Sr. Matos Flores ratificó que no ha abandonado sus defensas y reclamaciones, y que su demora en presentar un informe enmendado, o en notificar que el ya notificado sería su informe pericial final, no fue producto de conducta intencional o contumaz. En todo caso, y a tenor con la norma jurídica expuesta, si el TPI entendía que éste había incurrido en alguna conducta impropia, debió considerar imponer alguna sanción económica, como primer paso, antes de imponerse la sanción en controversia.

Concluimos, así pues, que, ante la solicitud de reconsideración, el TPI debió reinstalar al perito del Sr. Matos Flores y permitir que el informe pericial del 19 de marzo de 2024 constituyera el informe pericial final de dicha parte.

### IV.

Por los fundamentos antes expuestos, los cuales hacemos formar parte de esta sentencia, expedimos el auto de *certiorari,* revocamos la orden recurrida, y devolvemos el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí dispuesto.

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Grana Martínez emite por escrito Voto Disidente.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SUNWEST MORTGAGE COMPANY, INC.<br><br>Parte Recurrida<br><br>v.<br><br>MIGUEL M. MATOS FLORES<br><br>Parte Peticionaria | KLCE202500432 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Civil núm.: D AC2017-0293 (401)<br><br>Sobre: DAÑOS; INCUMPLIMIENTO CONTRATO LABORAL; REPRESALIAS EN EMPLEO |

Panel integrado por su presidente, el Juez Rivera Colón[1] la Juez Grana Martínez y el Juez Rodríguez Flores.

**VOTO DISIDENTE DE LA JUEZA GRACE M. GRANA MARTÍNEZ**

La Regla 52.1 de Procedimiento Civil adoptada por el Tribunal Supremo de Puerto Rico, conforme a la recomendación del Comité Asesor Permanente de las Reglas de Procedimiento Civil en el 2009 disponía:

> Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
>
> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia, sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

---

[1] OATA-2025-068.

In re-Aprobación Rs. Proc. Civil, 176 DPR 673, 804 (2009). (Énfasis suplido).

La intención de la normativa era clara, circunscribir la revisión de las resoluciones u órdenes interlocutorias solamente a cuando se recurriese de una resolución u orden relacionada a remedios provisionales, injunction o la denegatoria de una moción de carácter dispositivo. Esto respondía a la necesidad de permitir que los procesos ante los foros de primera instancia transcurrieran sin dilaciones innecesarias sobre asuntos que se podrían corregir en la marcha ante el propio foro o eventualmente en un recurso apelativo.

Ciertamente, la Regla sufrió enmiendas en su proceso ante la Legislatura, quien eventualmente aprobó el Proyecto de Reglas de Procedimiento Civil, enmendando algunas de estas. Específicamente, en cuanto a la Regla 52.1 se amplió el alcance previsto por el Tribunal Supremo para añadir, por excepción, la revisión de órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurriese de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia.[2]

Durante la discusión en la Legislatura de dicha enmienda el entonces Juez Presidente del Tribunal Supremo de Puerto Rico, Federico Hernández Denton explicaba que la propuesta regla 52.1, según adoptada por el Tribunal Supremo, había limitado el alcance de la revisiones interlocutorias.  A tales efectos expresó y citó: "como parte del esfuerzo para agilizar la adjudicación de los procesos civiles, la Regla 52.1 reduce las situaciones en que se

---

[2] Ley 220-2009.

pueden expedir autos de certiorari para revisar órdenes y resoluciones interlocutorias, limitándose a resoluciones dispositivas." Expresaba, además, que las limitaciones que se proponían disminuían la práctica de solicitar revisión de órdenes y resoluciones que no adelantaban el proceso, sino que más bien lo prolongaban y creaban dilaciones injustificadas en los pleitos ordinarios. Con acierto, el ex juez del Tribunal de Primera Instancia y Vicepresidente de Comité Asesor Permanente de Reglas de Procedimiento Civil, Héctor J. Conty Pérez, expresaba que "[a]ctualmente los calendarios de los jueces y juezas están supeditados a que una parte recurra al Tribunal de Apelaciones para revisar cualquier orden o resolución dictada en el caso, ya sea temprano en el pleito, durante o hasta en pleno juicio. Este mecanismo dilatorio es el arma más efectiva que puede tener una parte para cansar a otra que no tenga los recursos suficientes para mantenerse litigando en un pleito perennemente.[3]

Las limitaciones propuestas a la regla respondían a la necesidad de agilizar los procesos judiciales. Sin embargo, durante la discusión del proyecto, las Comisiones Legislativas propusieron enmendar la regla para ampliar su aplicación y permitir las apelaciones de resoluciones interlocutorias, en ciertos casos por excepción. Así también, poco tiempo después, nuevamente, la Legislatura se insertó en la discusión de la reglamentación procesal civil ante los tribunales y aprobó la Ley 177-2010, para enmendar nuevamente la Regla 52.1 y ampliar aún más el alcance de la revisión de órdenes o resoluciones, en esta ocasión, a aquellas que revistan de interés público o en

---

[3] Informe Positivo sobre el P. de la C. 2249, 11 de noviembre de 2009.

cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Finalmente, la Regla 52.1 de Procedimiento Civil hoy dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
> 32 LPRA Ap. V.

Por lo tanto, aun cuando la Regla 52.1 de Procedimiento Civil se enmendó para ampliar el ámbito de revisión de resoluciones u órdenes interlocutorias, no podemos perder de perspectiva que el objetivo primordial de la enmienda a las Reglas de Procedimiento Civil de 1979 era ya agilizar los procedimientos judiciales.[4]

La razón de ser de la enmienda a las reglas es particularmente importante pues cada norma tiene un propósito basado en un principio general de derecho que la inspira, una razón de ser, un objetivo particular, una política pública que la subyace a la mera literalidad. La eficiencia y funcionalidad del sistema requiere que los jueces no solo apreciemos la norma en

---

[4] Véase, J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2nda edición, USA, Publicaciones JTS, 2011, Tomo I, pág. 11.

su sentido literal, sino que también auscultemos su propósito para que la interpretación y aplicación a nivel judicial sea cónsona con sus delineamientos.[5]

En mi opinión, no existen los criterios que deban motivar nuestra intervención, una vez más, en este pleito. Como bien expone la sentencia que suscribe una mayoría de este foro, el peticionario en su solicitud de reconsideración expuso que no había abandonado sus defensas y reclamaciones, y que su demora en presentar un informe enmendado, o en notificar que el ya notificado sería su informe pericial final, no fue producto de conducta intencional o contumaz. Difiero de tal aseveración pues no observo explicación alguna que justifique la conducta, primero, de no cumplir con un término impuesto por el foro recurrido y segundo, desatender, no una, sino dos mociones solicitando la desestimación del perito para responder una vez el tribunal ejerció su discreción. Respuesta a mi entender insuficiente pues más allá de exponer porque no se debió haber tomado tal determinación por el foro recurrido nada explica sobre la causa que motivo tal conducta, a mi entender, dilatoria e irreverente ante el proceso en el foro primario. Ciertamente, es incomprensible y la parte recurrida nada explica, porque si desde el 6 de diciembre de 2024 la recurrida solicito la eliminación del perito, asunto que volvió a solicitar el 2 de enero de 2025, la parte peticionaria espero al 18 de febrero para expresarse en contra.

Entiendo que el Tribunal de Primera Instancia no actuó de forma arbitraria o caprichosa, no abusó de su discreción ni se equivocó en la interpretación o aplicación de las normas procesales o de derecho al denegar el uso del perito. Por lo que denegaría el recurso.

---

[5] E. Rivera García, *Compendio sobre el sistema acusatorio; reflexiones sobre el debido proceso legal y la protección a los derechos fundamentales en el sistema acusatorio*, Publicaciones Gaviota, págs. 17-18.

En San Juan, Puerto Rico a 27 de mayo de 2025.


Grace M. Grana Martínez
Jueza de Apelaciones