Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| RAMÓN MERCADO JR.<br><br>Peticionario<br><br>v.<br><br>MUNICIPIO DE RÍO GRANDE Y OTROS<br><br>Recurridos | TA2025CE00056 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Sobre: Accidente de Tránsito<br><br>Caso Núm. RG2023CV00301 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de agosto de 2025.

Comparece ante nos la parte peticionaria, Ramón Mercado Jr. (en adelante, parte peticionaria o Mercado Jr.), y nos solicita que revisemos la *Orden* emitida por el Tribunal de Primera Instancia, Sala de Río Grande, el 15 de mayo de 2025, notificada al día siguiente. Mediante la misma, el Foro Primario denegó la solicitud de prórroga para presentar un informe pericial.

Por los fundamentos que exponemos a continuación, se expide el auto solicitado y se *revoca* la *Orden* recurrida.

**I**

El 13 de junio de 2023 la parte peticionaria se presentó una demanda por daños y perjuicios, en contra del municipio de Río Grande, MAPFRE PRAICO Insurance Company, Triple-S Propiedad, Inc., y Luma Energy, LLC (en adelante y en conjunto, parte recurrida).[1] En síntesis, el señor Mercado Jr. alegó que, como consecuencia de la poca iluminación y rotulación en el área, impactó con su vehículo una zanja y/o cunetón que atravesaba la avenida

---

[1] Apéndice del recurso, Entrada Núm. 1.

que transitaba. Adujo que estas circunstancias se debieron a la negligencia de la parte recurrida, por lo que solicitó una indemnización de doscientos cincuenta mil dólares ($250,000.00) por concepto de los daños físicos, económicos y mentales que sufrió.

Tras varios asuntos procesales impertinentes a la controversia que nos ocupa, el 8 de octubre de 2024, se celebró una vista sobre el estado de los procedimientos.[2] En la misma, la parte peticionaria notificó que estaba considerando incluir prueba pericial médica. Por ello, la parte recurrida solicitó que se le concediera un término para evaluar el informe pericial correspondiente, así como la posibilidad de tomar deposiciones adicionales. El Tribunal de Primera Instancia le concedió a la parte peticionaria un término de cuarenta y cinco (45) días para anunciar la presentación del perito.

Posteriormente, el 11 de diciembre de 2024, se celebró otra vista sobre el estado de los procedimientos, en la cual la parte peticionaria informó que fue evaluada por su perito. [3] La parte recurrida indicó que, una vez recibiera el informe pericial del señor Mercado Jr., evaluaría la posibilidad de también contratar a un perito. Por ello, el Foro Primario concedió un término de treinta (30) días para que ambas partes anunciaran su prueba pericial.

Así las cosas, el 15 de mayo de 2025, la parte recurrida manifestó su interés en tomar deposiciones adicionales, así como su intención de presentar un informe de refutación a la prueba pericial de la parte peticionaria. Por su parte, el señor Mercado Jr. informó que había enfrentado dificultades para obtener la documentación médica necesaria para producir el informe pericial. Además, sostuvo que, ante la falta de algunos de estos documentos, todavía no había presentado el mismo. Tras haberle concedido previamente un término de cuarenta y cinco (45) días con el propósito de que

---

[2] *Íd.*, Entrada Núm. 37.
[3] *Íd.*, Entrada Núm. 40.

realizara estas gestiones y entregara el referido informe, el Foro Primario ordenó a la parte peticionaria a presentarlo en o antes del 27 de mayo de 2025.[4] Igualmente, dispuso que, de no cumplir con lo ordenado dentro de esta fecha, se ventilaría el juicio en su fondo, sin el aludido informe pericial.

En desacuerdo, el 26 de mayo de 2025, la parte peticionaria presentó una *Moción de Reconsideración,* mediante la cual solicitó una extensión del término para presentar el informe pericial, ya que el perito en cuestión se encontraba de viaje, lo cual le impedía rendir el mismo dentro de la fecha ordenada.[5] No obstante, el 2 de junio de 2025, el Foro Primario declaró *No Ha Lugar* a la petición.[6]

Inconforme, la parte peticionaria recurrió ante nos el 28 de junio de 2025, mediante el presente recurso y señala la comisión del siguiente error:

> Erró el TPI al denegar la moción de reconsideración del peticionario dado que el hecho que el Dr. Boris Rojas estuviera de vacaciones durante el término ordenado para rendir el informe es una circunstancia sobre la cual el peticionario no tenía control, constituyendo, por ende, un abuso de discreción del TPI la eliminación de dicho perito.

Por su parte, el 11 de julio de 2025, la parte recurrida presentó su oposición de epígrafe.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes, procedemos a expresarnos.

**II**

En nuestra jurisdicción, el descubrimiento de prueba constituye el mecanismo del cual disponen las partes en un pleito para obtener hechos, títulos, documentos u otras cosas que están en poder de la parte demandada, o que son de su exclusivo conocimiento y que son necesarias para hacer valer sus

---

[4] *Íd.*, Entrada Núm. 57.
[5] *Íd.*, Entrada Núm. 58.
[6] *Íd.*, Entrada Núm. 59.

derechos. *McNeil Healthcare v. Mun. Las Piedras II,* 206 DPR 659, 672 (2021). El propósito de esta etapa procesal es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 203 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 844 (2023); *García Rivera et al. v. Enríquez,* 153 DPR 323, 333 (2001). De ahí que, nuestro ordenamiento jurídico reconoce lo valioso y necesario que resulta un descubrimiento de prueba amplio y liberal. *Consejo Titulares y otros v. Triple S,* 2025 TSPR 82, 216 DPR ___ (2025); *Izquierdo II v. Cruz y otros,* 213 DPR 607, 616 (2024); *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 203; *Torres González v. Zaragoza Meléndez*, supra, pág. 844; *McNeil Healthcare v. Mun. Las Piedras II,* supra, pág. 672.

Ahora bien, en lo aquí atinente, la Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1, contempla la ocasión en la que concurra alguna controversia relacionada con el descubrimiento de prueba. Al respecto, dispone que los tribunales únicamente considerarán las mociones pertinentes, siempre que el promovente certifique, de forma particularizada, que realizó esfuerzos razonables con la representación legal de la parte adversa para resolver los asuntos planteados. El promovente deberá demostrar, a su vez, que actuó con prontitud y buena fe, y que todos sus esfuerzos resultaron infructuosos. Regla 34.1, *supra.* Una vez establecido ello, se podrá solicitar al tribunal que dicte una orden para que se obligue a la parte promovida a descubrir lo solicitado. Regla 34.2, *supra.*

Por su parte, la Regla 34.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.3, esboza las consecuencias de no acatar una orden sobre descubrimiento de prueba. En síntesis, entre las sanciones

aplicables, contempla el desacato, así como la emisión de órdenes relacionadas a lo siguiente: (1) que las materias comprendidas sean consideradas probadas; (2) una orden para impedir que la parte que incumple se sostenga u oponga a determinadas reclamaciones o defensas o para prohibirle presentar determinada materia en evidencia; (3) eliminar alegaciones o parte de ellas; (4) suspender todos los procedimientos posteriores hasta que la orden sea acatada; (5) desestimar el pleito o procedimiento, o cualquier parte de ellos; (6) dictar sentencia en rebeldía; (7) considerar como desacato al tribunal la negativa a obedecer cualquiera de dichas órdenes excepto una orden para someterse a examen físico o mental; (8) sanciones económicas a cualquier parte, testigo, y representante legal, y; (9) el pago de los gastos incurridos incluyendo honorarios, salvo que se demuestre una justificación válida para el incumplimiento.

El estado de derecho actual avala la imposición de sanciones severas a la parte que incumpla una orden relacionada al descubrimiento de prueba. *HRS Erase v. CMT,* 205 DPR 689, 700 (2020). No obstante, el ordenamiento jurídico advierte que las mismas no deben emplearse de manera liviana, sino que, previo a ello, resulta de aplicación el empleo de sanciones menos drásticas. *Íd.* En este contexto, y atinente a la controversia sometida a nuestro escrutinio, se ha resuelto que la medida severa de excluir el testimonio de un perito es análoga a la medida extrema de la desestimación, por lo que solo debe ser aplicada de manera excepcional. *Rivera et al. v. Arcos Dorados et al.,* supra, págs. 206-207; *Valentín v. Mun. De Añasco,* 145 DPR 887, 895 (1998).

En el contexto particular de la desestimación, sabido es que nuestro estado de derecho reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg., Inc. et*

*al.,* 132 DPR 115, 124 (1992). Ello se fundamenta en la política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993). En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, constituye el último recurso al cual se debe acudir, luego de que otros mecanismos resulten ser ineficaces en el orden de administrar la justicia. *S.L.G. Sierra v. Rodríguez,* 163 DPR 738, 746 (2005).

En lo pertinente, la Regla 39.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 39.2, dispone lo siguiente:

> (a) Si la parte demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud de la parte demandada podrá decretar la desestimación del pleito o de cualquier reclamación contra ésta o la eliminación de las alegaciones, según corresponda. Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido al abogado o abogada de la parte de la situación y se le haya concedido la oportunidad para responder. Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o abogada de la parte y se notificará directamente a la parte sobre la situación. Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que la misma no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término
>
> […]

### III

En el recurso de autos, la parte peticionaria aduce que el Tribunal de Primera Instancia abusó de su discreción al no permitir que se prorrogara el término para presentar su informe pericial. Habiendo examinado el referido planteamiento y el derecho

aplicable, a la luz de los trámites acontecidos, resolvemos expedir el auto solicitado y revocar la determinación recurrida.

Según esbozado en el resumen doctrinal, se ha reconocido en nuestro ordenamiento jurídico que, ante el incumplimiento de una parte con una orden relacionada al descubrimiento de prueba, el Foro Primario tiene la facultad de imponer sanciones severas. No obstante, es norma reiterada que, previo a su imposición, el Tribunal de Primera Instancia debe emplear sanciones menos drásticas. Particularmente, cuando se trata de la presentación de prueba pericial, nuestro estado de derecho dispone que, su exclusión equivale a una desestimación de la causa de acción, por lo cual, se debe recurrir a ello como último recurso. Tal cual esbozado, previo a la desestimación, el Foro de Instancia debe apercibirle, tanto a la representación legal, como a la propia parte, sobre el efecto que podría tener su inobservancia a las órdenes del tribunal. Si a pesar de ello, y posterior a la imposición de sanciones menos severas, el incumplimiento continúa, el Foro *a quo* podrá desestimar el pleito.

Surge del expediente que obra en autos que, durante el descubrimiento de prueba, el Foro Primario le concedió a la parte peticionara varias oportunidades para presentar el informe pericial en cuestión. Previo a incumplir con los términos dispuestos, el señor Mercado Jr. informó oportunamente las razones por las cuales se veía imposibilitado de rendir el referido informe. A pesar de ello, el Foro *a quo* optó por excluir la prueba pericial, sin haber aplicado previamente sanciones menos severas para penalizar el incumplimiento de la parte peticionaria.

Al suprimir de plano la referida prueba, el Tribunal de Primera Instancia impuso una sanción que deviene equivalente a la desestimación de la causa de acción. En mérito de lo antes expuesto, y toda vez los efectos que tiene la eliminación de la prueba pericial decretada sobre la causa de la parte peticionaria, revocamos la

determinación recurrida. Es nuestra apreciación que el Foro Primario debió imponer sanciones menos severas, previo a la exclusión de la referida prueba. Así, debió apercibir primero a la representación legal de la parte peticionaria. Si no se obtenía el cumplimiento con lo ordenado, procedía entonces imponer una sanción y notificar directamente a la parte, previo a la eliminación de la prueba pericial.

Ahora bien, le recordamos a la parte peticionaria su deber de tramitar la causa de acción que interesa de manera diligente, implicando ello, a su vez, la debida observancia a los mandatos del tribunal. Debido a que del expediente surge un claro incumplimiento de la parte peticionaria, se le impone una sanción de cien dólares ($100.00), la cual deberá ser satisfecha en el Tribunal de Primera Instancia, y se ordena que la misma se le notifique directamente a dicha parte.

**IV**

Por los fundamentos expuestos anteriormente, se expide el recurso de *certiorari* solicitado y se revoca la determinación recurrida.

Ordenamos al Tribunal de Primera Instancia a concederle a la parte peticionaria un término de diez (10) días para presentar el informe pericial en controversia, y que dicha orden se le notifique, tanto a la representación legal, así como a la parte. Igualmente, le imponemos una sanción económica a la parte peticionaria, ascendente a cien dólares ($100.00), esto por incumplir con los términos previamente impuestos.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones