Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL 2025-32

| QUIK STOP, INC., BETSY M. IRIZARRY ZAMBRANA Y OTROS<br><br>Peticionario<br><br>v.<br><br>TORAL PETROLEUM, LLC, GONZÁLEZ & MARTÍNEZ LAW OFFICES, P.S.C. Y OTROS<br><br>Recurrido | TA2025CE00751 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Civil Núm.: MZ2021CV00741<br><br>Sobre: Embargo Ilegal |
| --- | --- | --- |

Panel especial integrado por su presidenta la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de febrero de 2026.

Comparecen ante nos Quik Stop, Inc., la Sra. Betsy M. Irizarry Zambrana y el Sr. Edward Ruiz Noriega (peticionarios) mediante recurso de *certiorari*. Nos solicitan que revoquemos una determinación del Tribunal de Primera Instancia, Sala Superior de Mayagüez, emitida en corte abierta. Mediante el referido dictamen, el foro recurrido declaró No Ha Lugar una solicitud de presentación de informe pericial. Esta determinación fue objeto de varias mociones de reconsideración, las cuales fueron denegadas por el Tribunal. Por los fundamentos que expondremos, expedimos el auto de *certiorari* solicitado y revocamos los pronunciamientos judiciales recurridos.

El caso de epígrafe comenzó el 9 de junio de 2021, cuando los peticionarios presentaron una *Demanda* de daños y perjuicios por embargo ilegal contra: 1) Toral Petroleum, LLC; 2) González &

Martínez Law Offices, P.S.C.; 3) el Licenciado Juan R. González Galarza y la Sociedad Legal de Gananciales compuesta por este y su esposa; y 4) el Licenciado Juan M. Martínez Nevárez y la Sociedad Legal de Gananciales compuesta por este y su esposa (en conjunto, los recurridos). El 10 de junio de 2021, los peticionarios presentaron una *Demanda Enmendada*.

En resumen, alegaron que el 7 de noviembre de 2011, los recurridos llevaron a cabo un embargo ilegal de ciertos bienes de los peticionarios, según autorizado por el Tribunal de Primera Instancia mediante mandamiento de embargo en un caso previo, número D AC2008-1965. El mandamiento de embargo emitido por el Tribunal recurrido, así como el embargo en sí, fueron impugnados ante este Foro revisor mediante recurso de *certiorari* —caso número KLCE201801494—, quien en su momento revocó al foro inferior y determinó que el embargo era improcedente. Los peticionarios sostuvieron en su *Demanda Enmendada* que el aludido embargo les ocasionó daños y perjuicios.

Por todo lo anterior, solicitaron al Tribunal de Primera Instancia que: 1) declarase con lugar la *Demanda Enmendada*; 2) ordenase a los recurridos a pagar determinadas cantidades de dinero por los daños y perjuicios sufridos por ellos, y por las pérdidas económicas experimentadas tras el embargo ilegal y el cierre de su negocio. Los recurridos presentaron sus contestaciones a las demandas el 11 de abril de 2022 y el 20 de junio de 2022, respectivamente. Luego de varios incidentes procesales, el 6 de agosto de 2024, el foro recurrido celebró una vista de estado de los procedimientos a través de la cual le concedió a la parte peticionaria un término de diez (10) días para que informase

si presentaría un perito y si tomaría deposiciones.[1] Según surge de los autos electrónicos del caso de epígrafe, los peticionarios no notificaron al foro recurrido la información solicitada dentro del término concedido. Asimismo, no se desprende del expediente ante nos que dicho foro haya apercibido a la parte demandante, aquí peticionaria, sobre la imposición de sanciones económicas tras el incumplimiento con lo ordenado por este en la vista celebrada el 6 de agosto de 2024.

Posteriormente, el 2 de julio de 2025, se celebró otra vista de estado de los procedimientos en la que el Tribunal recurrido le concedió nuevamente a los peticionarios un término de diez (10) días para que informasen si iban a utilizar al perito en Contabilidad, el Contador Público Autorizado (CPA) Johnny Cruz.[2] En esta ocasión, los peticionarios tampoco anunciaron lo ordenado por el Tribunal dentro del término provisto. Tampoco se desprende del expediente que el foro recurrido haya apercibido o sancionado a la parte peticionaria por el incumplimiento con lo requerido en dicha vista.

Así las cosas, el 6 de octubre de 2025, el Tribunal de Primera Instancia celebró, de nuevo, una vista de estado de los procedimientos. Durante este incidente procesal, los peticionarios informaron al foro recurrido que estarían contratando al CPA Lorenzo Cintrón a los fines de realizar un estudio pericial de daños. Por tanto, solicitaron un término de 45 días para presentar el informe. Los recurridos expresaron sus objeciones a tal petición, y luego de haber escuchado las posturas de las partes, el Tribunal declaró en corte abierta No Ha Lugar la

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC-TPI), Caso Núm. MZ2021CV00741, Entrada Núm. 94.
[2] Véase, SUMAC-TPI, Caso Núm. MZ2021CV00741, Entrada Núm. 115.

referida solicitud.[3] No conteste, el 24 de octubre de 2025, los peticionarios presentaron una *Moción sobre Reconsideración*, la cual fue declarada No Ha Lugar en esa misma fecha. Luego, el 28 de octubre de 2025, presentaron una *Moción sobre Reconsideración de Resolución Fechada 24 de octubre de 2025*. A esta solicitud de reconsideración se determinó nada que disponer.

Inconformes, el 12 de noviembre de 2025, los peticionarios presentaron el auto de *certiorari* que nos ocupa y señalaron que el foro recurrido erró: 1) al denegarles la contratación de un perito para evaluar daños económicos; y 2) al denegar de manera verbal la solicitud de la presentación de un informe pericial realizada por estos en corte abierta, sin que haya mediado resolución u orden escrita, o una minuta firmada a tales efectos. Particularmente, arguyeron que excluir la presentación del informe pericial, equivalía a una sanción tan drástica como la eliminación de las alegaciones.

El 29 de enero de 2026, los recurridos presentaron su *Alegato de la Parte Recurrida*. Arguyeron, en síntesis, que los peticionarios no cumplieron con los términos concedidos por el Tribunal de Primera Instancia y que tuvieron un (1) año para presentar o anunciar su prueba pericial. Además, adujeron que no presentaron excusas por incumplir con los requerimientos del Tribunal impugnado ni solicitaron prórrogas para notificar el informe pericial. Con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de resolver.

Vale recordar que el auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto

---

[3] Véase, SUMAC-TPI, Caso Núm. MZ2021CV00741, Entrada Núm. 128.

por la Regla 52.1 de Procedimiento Civil de 2009 (32 LPRA Ap. V), como de conformidad con los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones. *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025); Véase, también, *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). En tal sentido, la función de un tribunal apelativo frente a la revisión de controversias a través del *certiorari* requiere valorar la actuación del foro de primera instancia y predicar su intervención en si la misma constituyó un abuso de discreción; en ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Citibank et al. v. ACBI et al.*, 200 DPR 724 (2018).

Sabido es que el descubrimiento de prueba es el mecanismo que las partes utilizan para obtener hechos, títulos, documentos u otros que están en poder o son del exclusivo conocimiento de una persona, y que son necesarias para hacer valer sus derechos. *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659 (2021) (citando a I. Rivera García, *Diccionario de términos jurídicos*, 3.ª ed. rev., San Juan, Ed. LexisNexis, 2000, pág. 70). Por lo tanto, el Tribunal de Primera Instancia goza de amplia discreción para regular el descubrimiento de prueba y, en consecuencia, el Tribunal de Apelaciones no deberá intervenir con dicha discreción salvo que medie prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva. Íd. (citando a *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000)). Dicho esto, nuestro ordenamiento valora el descubrimiento de prueba amplio y liberal que acelera los procedimientos, propicia las

transacciones y evita las sorpresas indeseables durante la celebración del juicio. Íd. (citando a *Lluch v. España Service Sta.*, 117 DPR 729 (1986)).

En lo atinente a la controversia ante nosotros, cuando el demandante deje de cumplir con cualquier orden del tribunal, dicho foro, a iniciativa propia o a solicitud de la parte demandada, podrá decretar la desestimación de un pleito o de cualquier reclamación contra el demandado. Regla 39.2(a) de Procedimiento Civil (32 LPRA Ap. V). De tratarse de un primer incumplimiento, la sanción de la desestimación solamente procederá después que el tribunal, en primer término, haya apercibido al abogado de la parte de la situación y se le haya concedido la oportunidad para responder. Íd. No obstante, del abogado no responder a tal apercibimiento, el tribunal procederá a imponer sanciones a dicho abogado y se notificará directamente a la parte sobre la situación. Íd.

Es cuando la parte haya sido informada de las consecuencias que pueda tener el que ésta no sea corregida, que el tribunal podrá ordenar la desestimación del pleito, toda vez que el tribunal conceda a dicha parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, excepto si las circunstancias del caso justifiquen su reducción. Íd. En adición, nuestro más Alto Foro ha resuelto que excluir del juicio el testimonio de un testigo crucial o un perito esencial, equivale a la medida severa y extrema de la desestimación, por lo que solamente procede en circunstancias excepcionales. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 206-207 (2023) (Citando a *Valentín v. Mun. de Añasco*, 145 DPR 887, 895 (1998)).

Antes de discutir los señalamientos de error planteados por la parte peticionaria, expedimos el recurso de *certiorari* solicitado en el caso de epígrafe conforme a los criterios establecidos en la Regla 52.1 de Procedimiento Civil, *supra,* —al tratarse de una de las excepciones contempladas en la precitada Regla sobre decisiones relativas a la admisibilidad de peritos esenciales— y la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* por lo que dispondremos de éste en sus méritos.

Luego de evaluar detenidamente el expediente ante nos, concluimos que el foro recurrido erró y abusó de su discreción al no permitir a los peticionarios presentar su informe pericial. Ciertamente, la parte peticionaria incumplió con los términos concedidos por el Tribunal de Primera Instancia. Sin embargo, lo procedente en este escenario era el apercibimiento o la imposición de sanciones económicas por parte del foro impugnado, así como la notificación de la supresión del perito a la parte, *antes* de denegar la presentación del informe en cuestión. Cabe destacar que la presente causa de acción es una de daños y perjuicios, específicamente daños económicos, por lo que la prueba pericial resulta esencial a los fines de probar su caso.

Según dijimos, el Tribunal de Primera Instancia goza de gran discreción para regular el descubrimiento de prueba. En ausencia de prejuicio, parcialidad o error manifiesto en la aplicación de una norma procesal o sustantiva, este Foro revisor no intervendrá en dicha discreción. No obstante, es norma establecida que excluir un perito esencial, —en este caso, un informe pericial— equivale a imponer la medida severa y extrema de la desestimación y solamente procede en circunstancias excepcionales y luego de agotadas las medidas de

sanción y notificación a la parte propias de esta situación límite. *Rivera et al. v. Arcos Dorados et al., supra.*

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* solicitado y revocamos los pronunciamientos judiciales impugnados. Se devuelve el caso al foro recurrido para la continuación de los procedimientos conforme con lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Juez Brignoni Mártir disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones