Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| ELIDIO GONZÁLEZ VÉLEZ<br><br>Recurrido<br><br>v.<br><br>RENET CLASS ACEVEDO<br><br>Peticionario | TA2026CE00340 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Lares<br><br>Civil núm.: LR2025CV00040 (Sala 1)<br><br>Sobre: Acción de Deslinde |
| --- | --- | --- |

Panel integrado por su presidente el juez Hernández Sánchez, el juez Rivera Torres y el juez Marrero Guerrero.

**Rivera Torres, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 1 de abril de 2026.

Comparece ante este tribunal apelativo, el Sr. Renet Class Acevedo (señor Class Acevedo o peticionario) mediante la *Petición de Certiorari* de epígrafe y nos solicita que revisemos la *Resolución Interlocutoria* emitida por el Tribunal de Primera Instancia, Sala Superior de Lares (TPI), el 20 de febrero de 2026, notificada el mismo día. Mediante este dictamen, el foro primario le prohibió a la parte peticionaria a presentar la prueba pericial; así como el informe preparado por el perito.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* solicitado y revocamos la determinación recurrida.

**I.**

El 14 de febrero de 2025, el Sr. Elidio González Vélez (señor González Vélez o recurrido) instó una demanda sobre deslinde, amojonamiento y perjuicios en contra del señor Class Acevedo. En esta, adujo que es propietario de una propiedad ubicada en el Barrio Pueblo del pueblo de Lares y el peticionario es dueño de un inmueble

que colinda, por el lado oeste, con esta. Indicó que dicha colindancia está confundida con el lindero del inmueble del peticionario. Añadió que el señor Class Acevedo expresó que él ha construido en parte de la propiedad del peticionario.

Expuso, además, que realizó una mensura de su terreno para intentar clarificar las colindancias en ambos inmuebles, pero aún así el peticionario ocupa un área que no le corresponde. Por ello, realizó múltiples gestiones con el señor Class Acevedo para establecer los límites de las propiedades, las cuales han resultado infructuosas.

Agregó que el peticionario impide el uso de un estacionamiento que le pertenece, lo que le provocó daños al impedir que personas que ocupan la propiedad, como arrendatarias, abandonen la misma y otras no alquilen los apartamentos que ubican en su inmueble. Expuso que ello le ha ocasionado daños por $10,000 por ingresos dejados de percibir; así como otros perjuicios que se estiman en no menos de $50,000. Por lo que solicitó al tribunal, le ordene al peticionario a restaurar la verja removida y a pagar las cuantías mencionadas en la demanda, más $15,000 para cubrir las costas, gastos y honorarios de abogado.

El 28 de abril de 2025, el peticionario instó la contestación a demanda y reconvención. En esta mencionó que es dueño del área respecto a la cual se alega existe confusión de linderos y que la adquirió por usucapión al poseerla por más de 50 años. En la reconvención precisó que el señor González Vélez actuó de mala fe al conocer este hecho, lo que le ha producido daños económicos, perjuicios y angustias mentales valoradas en un mínimo de $50,000.

Luego de varios trámites, innecesarios pormenorizar, el 7 de octubre de 2025, el TPI celebró una vista sobre *Status Conference* y

de la *Minuta*[1] surge, en lo concerniente, que el TPI le concedió al peticionario el término de treinta "(30) días finales y perentorios para informar el nombre del perito, y una vez informado, 45 días para someter el informe. Presentado el informe, se conceden 45 d[í]as para realizar las deposiciones."

El 31 de octubre siguiente, el señor Class Acevedo presentó una *Moción en Cumplimiento de Orden* informando que el perito que realizará la mensura de la propiedad es el Agrimensor José Luis Pérez Berenguer.[2] El foro primario dio por cumplida la orden y tomó conocimiento de lo informado.

El 16 de diciembre de 2025, el señor González Vélez instó una moción ante el foro revisado especificando que el peticionario no acompañó el *curriculum vitae* del perito, ni presentó el informe de este cuya fecha de vencimiento para ello fue el 15 de diciembre.[3] Por lo que, le solicitó al tribunal emitir una orden impidiéndole al peticionario la utilización del mismo.

En respuesta a dicho pedido el foro *a quo*, el 16 de diciembre, notificada el mismo día, dictó la siguiente *Orden*:[4]

> PARTE DEMANDADA TENGA CINCO DIAS FINALES Y PERENTORIOS PARA CUMPLIR LO DISPUESTO EN RESOLUCION DEL 7 DE OCTUBRE DE 2025 (ENTRADA 33 DE SUMAC) Y SOMETER EL CURRICULUM VITAE Y INFORME PERICIAL DE SU PERITO SO PENA DE NO PERMITIRLE EL USO DE PERITO PARA EL CASO DE EPIGRAFE.

El 19 de diciembre de 2025, el peticionario presentó una solicitud de prórroga en la que apuntaló que el Agrimensor Pérez Berenguer se reuniría con ellos el 26 de diciembre, por lo que peticionó se le concediera un plazo no menor de treinta (30) días para culminar el proceso de contratación de la prueba pericial.[5]

---

[1] Véase, el Sistema Unificado de manejo y Administración de Casos (SUMAC) del TPI, SUMAC TPI, Entrada núm. 34.
[2] SUMAC TPI, Entrada núm. 35.
[3] SUMAC TPI, Entrada núm. 39.
[4] SUMAC TPI, Entrada núm. 40.
[5] SUMAC TPI, Entrada núm. 41.

El 22 de diciembre, el recurrido se opuso a dicho pedido señalando que lo mencionado por el señor Class Acevedo era contrario a lo que este previamente manifestó, ya que al informar el nombre del perito significaba que fue contratado.[6] Así, le solicitó al tribunal que denegara la prórroga y que se le impida la utilización del perito.

En respuesta a dicha solicitud, el 29 de diciembre de 2025, el tribunal recurrido dictó la *Orden* que lee:[7]

> TENGA 48 HORAS LA PARTE DEMANDADA PARA INFORMAR EL RESULTADO DE LA REUNIÓN CELEBRADA EL 26 DE DICIEMBRE DE 2025 CON EL INGENIERO-AGRIMENSOR JOSÉ LUIS PÉREZ BERENGUER. LUEGO EL TRIBUNAL EVALUARÁ Y RESOLVERÁ.

Ese mismo día, el señor Class Acevedo presentó un escrito certificado que se formalizó la contratación con el perito, le envió por correo electrónico el *resumé* de este, más solicitó un término de cuarenta y cinco (45) días para que el Agrimensor Pérez Berenguer pudiera culminar el trabajo y rendir el informe.[8]

El 30 de diciembre de 2025, el foro primario emitió y dictó una *Resolución Interlocutoria* atendiendo el pedido del peticionario y en lo pertinente decretó que:[9]

> […]
>
> EL CASO YA LLEVA DIEZ MESES Y MEDIO DE RADICADO. POR ESTA OCASIÓN EL TRIBUNAL ACEPTARÁ EL CAMBIO DE PERITO DE LA PARTE DEMANDADA Y LE CONCEDERÁ EL TÉRMINO DE (45) DÍAS PARA QUE EL AGRIMENSOR PUEDA CULMINAR LOS TRABAJOS PERICIALES Y RENDIR EL CORRESPONDIENTE INFORME. EL TRIBUNAL NO LE CONCEDERÁ PRÓRROGA ADICIONAL A LA PARTE DEMANDADA A ESOS EFECTOS NI LE PERMITIRÁ EL CAMBIO DE PERITO YA QUE CIERTAMENTE ESTO CONSTITUIRÍA UNA DILACIÓN INNECESARIA DE LOS PROCEDIMIENTOS.

---

[6] SUMAC TPI, Entrada núm. 42.
[7] SUMAC TPI, Entrada núm. 43.
[8] SUMAC TPI, Entrada núm. 44.
[9] SUMAC TPI, Entrada núm. 45.

El 13 de enero de 2026, se llevó a cabo una vista de *Status Conference* y de la *Minuta* surge que el representante legal del peticionario expresó que:[10]

> [...] tuvo una [conversación] con el perito y le informó que el miércoles de la semana que viene se presentará por última vez al área para realizar las correspondientes medidas y preparar el informe. Además, informó que le reiteró al perito que el tribunal concedió un término final para hacer el informe y le indicó que realizará el informe dentro del término concedido. Luego de recibir el informe del perito estarán calendarizando la deposición a su perito y al perito de la parte demandante.

El 10 de febrero de 2026, el señor Class Acevedo presentó una moción ante el tribunal primario precisando que ese día le cursó al recurrido el informe pericial preliminar y el *curriculum vitae* del perito.[11] Asimismo, expuso que en dicho informe se destacó la necesidad de poder entrar a un área de la propiedad del señor González Vélez. Por tanto, peticionó que se diera por cumplida la Orden del 30 de diciembre de 2025, más se emitiera una orden para permitir la entrada del perito al terreno para culminar la mensura.

El TPI le requirió al recurrido replicar a dicho pedido, quien se opuso al mismo. En su moción, el señor González Vélez reafirmó su solicitud de que no se permita el informe del perito debido a que el mismo, al ser preliminar, incumple con el plazo final concedido por el tribunal.[12]

El 20 de febrero de 2026, notificada ese mismo día, el foro primario emitió la *Resolución Interlocutoria* recurrida dictaminando lo siguiente:[13]

> SE DA ORDEN POR CUMPLIDA POR LA PARTE DEMANDANTE. SE DECLARA NO HA LUGAR [A] LA MOCIÓN INFORMATIVA Y EN SOLICITUD DE ORDEN PRESENTADA POR LA PARTE DEMANDADA EL 10 DE FEBRERO DE 2026 (ENTRADA 49 DE SUMAC) Y SE LE PROHÍBE LA PRESENTACIÓN DE PERITO Y DE INFORME PERICIAL ANTE EL INCUMPLIMIENTO CON LOS TÉRMINOS ESTABLECIDOS PARA PRESENTAR INFORME PERICIAL FINAL. VEASE ORDEN DEL 16 DE

---

[10] SUMAC TPI, Entrada núm. 48.
[11] SUMAC TPI, Entrada núm. 49.
[12] SUMAC TPI, Entrada núm. 51.
[13] SUMAC TPI, Entrada núm. 52.

DICIEMBRE DE 2025 (ENTRADA 40 DE SUMAC) Y RESOLUCIÓN INTERLOCUTORIA DEL 30 DE DICIEMBRE DE 2025 (ENTRADA 45 DE SUMAC)[.]

El señor Class Acevedo instó oportuna reconsideración, en la cual señaló que no estaba conforme con el proceder del tribunal, ya que había informado que el informe era preliminar solo porque el perito no logró acceso al predio del recurrido. Además, este estableció que el informe se cursó dentro del término de cuarenta y cinco (45) días que el foro *a quo* le había otorgado en la Orden del 29 de diciembre de 2025. Mediante la *Resolución Interlocutoria* del 27 de febrero, el TPI denegó el referido petitorio.

Todavía en desacuerdo, el peticionario acude ante esta *Curia* imputándole al foro primario haber incurrido en el siguiente error:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA SUPERIOR DE LARES, AL IMPONER COMO PRIMERA SANCIÓN LA EXCLUSIÓN ABSOLUTA DE LA PRUEBA PERICIAL DE LA PARTE PETICIONARIA, SIN BASE FÁCTICA SUFICIENTE, SIN MEDIAR CONDUCTA CONTUMAZ O TEMERARIA, SIN AGOTAR REMEDIOS MENOS DRÁSTICOS, Y AL DEJARLA, EN LOS HECHOS, IMPEDIDA DE PROBAR SU RECONVENCIÓN Y SUS DEFENSAS AFIRMATIVAS.

El peticionario acompañó el recurso con una *Moción en Auxilio de Jurisdicción,* la que mediante la *Resolución* del 20 de marzo de 2026 la declaramos *No Ha Lugar*. Asimismo, en esta le concedimos a la parte recurrida hasta el 30 de marzo de 2026 a las doce del mediodía para expresarse en cuanto al recurso. El 25 de marzo, la parte recurrida solicitó prórroga hasta el miércoles, 1 de abril de 2026, la cual le fue concedida. Llegado ese día, se cumplió con lo ordenado, por lo que nos damos por cumplidos y a su vez, decretamos perfeccionado el recurso.

Analizadas las comparecencias de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

**II.**

**Auto de *Certiorari***

El recurso de *certiorari* es el vehículo procesal discrecional disponible para que un tribunal apelativo revise las resoluciones y órdenes interlocutorias de un tribunal de inferior jerarquía. Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1; *García v. Padró*, 165 DPR 324, 334 (2005). Todo recurso de *certiorari* presentado ante este foro apelativo deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. Dicha regla limita la autoridad y el alcance de la facultad revisora de este foro apelativo sobre órdenes y resoluciones dictadas por el foro de primera instancia, revisables mediante el recurso de *certiorari*. La referida norma dispone como sigue:

> Todo procedimiento de apelación, certiorari, certificación, y cualquier otro procedimiento para revisar sentencias y resoluciones se tramitará de acuerdo con la ley aplicable, estas reglas y las reglas que adopte el Tribunal Supremo de Puerto Rico.
>
> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.** No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando **se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia**. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.
>
> Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 de este apéndice sobre los errores no perjudiciales. Regla 52.1 de Procedimiento Civil, supra. [Énfasis Nuestro].

Por tanto, el asunto que se nos plantea en el recurso de *certiorari* deberá tener cabida bajo alguna de las materias

reconocidas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Ello, debido a que el mandato de la mencionada regla dispone expresamente que solamente será expedido el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

Así, pues, para determinar si debemos expedir un auto de *certiorari* debemos determinar primeramente si el asunto que se trae ante nuestra consideración versa sobre alguna de las materias especificadas en la Regla 52.1 de las de Procedimiento Civil, *supra.* Sin embargo, aun cuando el asunto esté contemplado por dicha regla, para determinar si procede la expedición de un recurso y poder ejercer sabiamente nuestra facultad discrecional, debemos acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 63, 215 DPR __ (2025), que dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG*, 205 DPR 163, 176 (2020).

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140,155 (2000).

**La Prueba Pericial, el Alcance del Descubrimiento de Prueba y la Imposición de Sanciones**

El propósito del descubrimiento de prueba es: (1) delimitar las controversias; (2) facilitar la consecución de evidencia; (3) evitar las sorpresas en el juicio; (4) facilitar la búsqueda de la verdad, y (5) perpetuar la prueba. *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, 212 DPR 194, 205 (2023), citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6.a ed., San Juan, Ed. LexisNexis, 2017, págs. 333–334. En cuanto al alcance del descubrimiento, el más alto foro judicial ha reiterado la política de que debe ser amplio y liberal. *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, supra; *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR

465 (2022); *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 152 (2000).

Como parte del descubrimiento de prueba, nuestro ordenamiento jurídico establece que en todos los casos contenciosos se celebrará una reunión entre los abogados de las partes para preparar el *Informe para el Manejo del Caso*, el cual contendrá, entre otros asuntos, "un plan itinerario de todo descubrimiento de prueba que [las partes] se propongan realizar, incluyendo las fechas para su cumplimiento". Regla 37.1 (f) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 37.1 (f). Asimismo, la precitada regla en sus incisos (e) y (f), con relación a la prueba pericial, establece lo siguiente:

> El abogado o la abogada de la parte demandante coordinará con el abogado o la abogada de la parte demandada la fecha de la reunión y en ésta llevarán a cabo los asuntos siguientes:
>
> (e) **Intercambiar el nombre, la dirección, el número de teléfono y el currículum vítae de cualquier persona perita consultada o de aquellas que se proponen utilizar, incluso las personas peritas de ocurrencia. Proveer un resumen de sus opiniones y una breve expresión de las teorías, hechos o argumentos que las sostienen y el término para la presentación de los informes periciales.**
>
> (f) Preparar un plan itinerario de todo descubrimiento de prueba que se propongan realizar, incluyendo las fechas para su cumplimiento y para las deposiciones de partes, testigos y personas peritas, si alguna han de hacer. Incluirán los mecanismos de descubrimiento de prueba que utilizarán, si alguno, y el término dentro del cual se realizará.  [Énfasis nuestro]

De otra parte, nuestro derecho procesal establece que los términos y señalamientos que operen dentro del manejo del caso, por ejemplo, en etapas tan tempranas como las del descubrimiento de prueba, **serán de cumplimiento estricto**. No obstante, el incumplimiento de los términos y órdenes, por virtud de esta regla, conllevará a sanciones sujetas a discreción del tribunal. Sin embargo, dicha sanción opera dentro del marco estatuido por la Regla 37.7 de las de Procedimiento Civil, *supra*, y la jurisprudencia. En lo aquí concerniente, la Regla 37.7 de las de Procedimiento Civil, *supra*, dispone que:

> Si una parte o su abogado o abogada incumple con los términos y señalamientos de esta Regla, o **incumple cualquier orden del tribunal para el manejo del caso sin que medie justa causa, el tribunal impondrá a la parte o su abogado o abogada la sanción económica** que corresponda. [Énfasis nuestro]

Al analizar esta norma, el Tribunal Supremo en *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, supra, a la pág. 205, dictaminó que:

> De acuerdo con este lenguaje, **"[e]l juez sólo tiene discreción para considerar si las razones que brinda la parte o el abogado que incumplió son suficientes para justificar la no imposición de la sanción económica". Hernández Colón, *op. cit.*, pág. 387.** Claro está, nada impide que posteriormente se impongan sanciones más drásticas, luego de que se aperciba a la parte sobre las consecuencias del incumplimiento y se le conceda un tiempo razonable para corregir la situación. Véase J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2.a ed., Estados Unidos, Publicaciones JTS, 2011, T. III, págs. 1118–1119. (Énfasis nuestro)

Asimismo, y en lo que nos concierne, el más alto foro decretó que, toda vez que la Regla 37.7 de las de Procedimiento Civil, *supra,* **establece la sanción económica como el disuasivo principal por el incumplimiento, la medida extrema de la desestimación o eliminación de la prueba pericial únicamente debe usarse en circunstancias excepcionales.** *Rivera Gómez v. Arcos Dorados*, supra, a las págs. 206-207. Ello es así, toda vez que la presentación de un perito esencial está cubierta por el derecho de una parte a presentar prueba en apoyo a su reclamación, lo que constituye uno de los ejes centrales del debido proceso de ley. *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, supra, a la pág. 207; *Valentín v. Mun. De Añasco,* 145 DPR 887, 895 (1998).

Un perito es "la persona entendida, el individuo competente, idóneo, por tener unas determinadas aptitudes y conocimientos, por poseer una adecuada capacidad". *S.L.G. v. Mini-Warehouse*, 179 DPR 322, 338 (2010), citando a *San Lorenzo Trad., Inc. v. Hernández,* 114 DPR 704, 709 (1983). Por lo general, la admisibilidad de su testimonio goza de un amplio margen de

liberalidad, claro está, siempre que cumpla con los criterios propios a su cualificación y que quede establecido el valor probatorio de su declaración. *Dye-Tex PR, Inc. v. Royal Ins. Co. PR*, supra. La participación de un experto en determinado asunto técnico puede ser tan fundamental, que el propio tribunal tiene facultad plena para requerir la intervención de un perito aun cuando las partes no lo soliciten. 32 LPRA Ap. VI, R. 709. Mas, el tribunal no permitirá dicha intervención cuando no le sea de ayuda. *S.L.G. v. Mini-Warehouse*, supra, pág. 343.

Ahora bien, el fin de la prueba pericial es ilustrar y asistir al tribunal en cuanto a una materia que, por estar revestida de una complejidad particular, haga necesario que un experto emita su opinión especializada. R. Emmanuelli Jiménez, *Prontuario de Derecho Probatorio Puertorriqueño; Nuevas Reglas de Evidencia 2010*, 3ra ed., San Juan, Ed. Situm, Inc., 2010, pág. 448; *Dye-Tex PR, Inc. v. Royal Ins. Co. PR*, supra. Es decir, para que el tribunal pueda adjudicar correctamente, requiere la comprensión de asuntos altamente técnicos. *Íd.* De ahí que se permita la intervención de un perito para que ilustre al tribunal.

**III.**

En esencia, el peticionario señaló que el TPI erró al imponer como primera sanción la exclusión absoluta de la prueba pericial, sin base fáctica suficiente, sin mediar conducta contumaz o temeraria, sin agotar remedios menos drásticos, y al dejarla, en los hechos, impedida de probar su reconvención y sus defensas afirmativas. Adelantamos que le asiste la razón.

De entrada, advertimos que la controversia planteada, por tratarse de la admisibilidad de un perito, está incluida en las instancias que esta *Curia* puede atender al palio de la Regla 52.1 de las de Procedimiento Civil, *supra.* A su vez, están presentes varios de los criterios enunciados en nuestra Regla 40, antes citada, por lo

que, determinamos expedir el recurso solicitado, en especial, por ser el momento más propicio para atenderlo, y así, evitar un fracaso irremediable de la justicia.

Del trámite procesal previamente detallado, surge que el 10 de febrero de 2026, el peticionario presentó el informe preliminar pericial dentro del término final de cuarenta y cinco (45) días otorgado por el TPI en la Orden del 30 de diciembre de 2025. Además, este le apuntaló al tribunal que el informe era preliminar, ya que se hacía necesario entrar a un área de la propiedad del recurrido para culminar la mensura. A su vez, le solicitó al tribunal que emitiera una orden permitiendo la entrada para dicho fin.

Como bien aduce el peticionario en el recurso, no surge del expediente que el señor González Vélez haya colocado al tribunal primario en posición de rebatir la alegación de la imposibilidad de entrar a la finca. Tampoco el recurrido, en su oposición, nos ha demostrado que la solicitud del señor Class Acevedo causara perjuicio o dilatara innecesariamente los procedimientos. Sobre este punto, señalamos que no encontramos que el TPI hubiese considerado previamente, si las razones que brindó el abogado del peticionario son suficientes para justificar la no imposición de sanciones. A nuestro entender, la causa para no haber culminado el informe, en principio, resulta ser una justificada.

Subrayamos también que el foro revisado falló en realizar una verificación del alcance y el contenido del informe pericial preliminar para determinar si el mismo incumple sustancialmente o no con lo requerido. Lo que constituye el primer paso previo a tomar cualquier otra decisión. Al respecto, advertimos que el recurrido en su oposición obvia por completo la existencia de este informe.

Además, apuntalamos que el señor González Vélez ha sostenido que no se permita la presentación del referido informe únicamente basado en el alegado incumplimiento del peticionario

con los términos dispuestos en las órdenes del tribunal.[14] Ello a pesar de que, como explicamos, este último le remitió el antedicho documento dentro del término concedido por el foro primario en la *Orden* del 30 de diciembre de 2025.

Por su parte, resulta importante destacar que la *Orden* del 16 de diciembre de 2025, otorgando el plazo de treinta (30) días, así como la *Orden* del 30 de diciembre en la que se otorgó un término final de cuarenta y cinco (45) días para presentar el informe pericial, solo fueron notificadas por el TPI a los representantes legales de las partes y no a estas, en especial, al señor Class Acevedo. Tampoco se le notificó al peticionario la *Resolución Interlocutoria* recurrida en la que se impidió la presentación de la prueba pericial. Esto, para que el peticionario conociera de manera directa los asuntos y órdenes relativos a la prueba pericial y tuviera la oportunidad de corregir cualquier situación con su representación legal.

Como advirtió el Tribunal Supremo, "[p]recisamente, para evitar dilaciones innecesarias en el manejo de un caso, la Regla 37.7 de Procedimiento Civil de 2009, *supra*, provee para la imposición de sanciones económicas por el incumplimiento injustificado con las órdenes y los señalamientos del tribunal. Desde luego, nada impide que los tribunales impongan sanciones más severas luego de que la **parte sea debidamente apercibida de la situación y de las consecuencias que acarrearía un incumplimiento subsiguiente**." *Rivera Gómez v. Arcos Dorados Puerto Rico, Inc.*, supra, a la pág. 214.

Relativo a lo anterior, apuntalamos que la medida severa de excluir del juicio el testimonio de un testigo crucial o de un perito esencial, que es análoga a la medida extrema de la desestimación, **solo debe usarse en circunstancias excepcionales**. Tales sanciones drásticas no son favorecidas judicialmente. *Rivera Gómez*

---

[14] Véase SUMAC TPI, Entradas números 42 y 51.

*v. Arcos Dorados Puerto Rico, Inc.*, supra, a las págs. 206-207; *Valentín v. Mun. de Añasco*, supra, a la pág. 895.

Por tanto, como primera alternativa en este caso, el foro primario debió examinar si las razones expuestas por la representación legal del peticionario eran suficientes para justificar que no se impusiera una sanción económica. *Rivera Gómez v. Arcos Dorados*, supra, a la pág. 214. Esto, debido a que la presentación de un perito esencial está cubierta por el derecho de una parte a presentar prueba en apoyo a su reclamación, lo que constituye uno de los ejes centrales del debido proceso de ley.

De igual manera, y a base de la normativa previamente reseñada, entendemos que el foro recurrido incurrió en un abuso de discreción en su proceder. Lo anterior, debido a que, aun cuando reconocemos que los tribunales de primera instancia tienen amplia discreción para regular el ámbito del descubrimiento, y el manejo del caso, no se puede soslayar la obligación de garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes. Por ende, reiteramos que el foro *a quo* debió considerar primeramente la imposición de sanciones menos severas, previo a imponer la medida más drástica de impedir la presentación de la prueba pericial. **Ello, siempre que se entienda que el motivo para el incumplimiento no estuvo justificado**. Además, recalcamos que, la imposición de la sanción drástica de impedir la prueba pericial debe implantarse en una situación excepcional, luego de apercibir a la parte sobre las consecuencias del incumplimiento y se le conceda un tiempo razonable para corregir la situación.

En fin, nos es forzoso colegir que el TPI actuó incorrectamente al imponer la medida extrema de prohibir la presentación del perito y su informe pericial como primera sanción, sin avisos previos a la parte peticionaria sobre el incumplimiento de su representación

legal, a las consecuencias del mismo, y a la imposición de sanciones menos severas. Debemos añadir que el foro primario incidió al razonar, sin un análisis más profundo del informe, que hubo incumplimiento con las órdenes del tribunal, toda vez que el señor Class Acevedo presentó el informe pericial, al que denominó como preliminar, dentro del término final establecido.

**IV.**

Por los fundamentos antes expuestos, expedimos el auto de *certiorari* solicitado y revocamos la *Resolución Interlocutoria* recurrida y; en consecuencia, se devuelve el caso al TPI para que continúe con los procedimientos de conformidad con lo aquí resuelto.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones